UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELLY GEORGES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:08-cv-201 (JCH) |
| ) | |
| ACCUTIRA MORTGAGE, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

The matters are before the Court on the following motions: Defendant Marvin E. Cooper's ("Cooper") Motion to Dismiss and Quash Service of Process (Doc. No. 1 at Ex. A p. 70), filed January 29, 2008; Plaintiffs Robert and Betty Greenlee's Motion to Dismiss Executive Lending, L.L.C., and for Leave to Amend Second Amended Complaint by Interlineation (Doc. No. 42), filed March 21, 2008; Defendant Morrison Capital Corporation's ("Morrison") Motion to Dismiss (Doc. No. 43), filed March 24, 2008; Defendant JLB Corporation's ("JLB") Motion to Dismiss Second Amended Petition for Failure to State a Claim, filed April 21, 2008 (Doc. No. 57 at p. 8);[1] and Defendant First Residential Lending, Inc.'s ("First Residential") Motion to Dismiss (Doc. No. 58), filed April 23, 2008. All the motions are briefed and ready for disposition.

## BACKGROUND

In the mortgage industry, a mortgage broker acts as an intermediary between borrowers and lenders. Specifically, they originate the loan and help match a borrower to a specific mortgage

---

[1]This motion was evidently filed in the state court, but not entered in the Court's electronic docket when the case was removed. The first time the Court received a copy of this motion was when JLB attached it to a reply brief. (Doc. No. 57).

-1-

product. In order to learn what mortgage products are available, Brokers receive par rate quotes, also known as rate sheets, from lenders. (Second Am. Pet.[2] at ¶ 2). The par rate is the interest rate at which a lender will fund a borrower's loan, without premiums or discounts to the broker. (Id.). It is a common business practice for brokers to arrange a home loan where the interest rate is higher than the par rate. (Id. at ¶ 3). Lenders accept this higher interest rate and compensate the brokers for obtaining it. (Id.). This compensation is referred to as a "yield spread premium." (Id.). Part of the purpose of a yield spread premium is to "permit homebuyers to pay some or all of the up front settlement costs over the life of the mortgage through a higher interest rate." (Notice of Removal, Doc. No. 1 at ¶ 3).

Plaintiffs are a group of individuals residing in Missouri that received home loans from Defendants. (Id. at ¶¶ 8-42). Plaintiffs allege that they are bringing this action on behalf of all similarly situated Missouri residents within the last five years. (Id. at ¶ 46). Defendants are made up of two groups. The first group is made up of mortgage brokers ("Brokers") that helped Plaintiffs obtain mortgages from Countrywide Home Loans, Inc. ("Countrywide") and other lenders. (Id. at ¶¶ 5, 45). The second group is a purported class consisting of Countrywide and unnamed, similarly situated lenders ("Lenders") that made these home loans to Plaintiffs. (Id. at ¶¶ 54-58).

Plaintiffs allege that the Brokers owed them a fiduciary duty to obtain loans with the lowest possible interest rates for them. (Id. at ¶ 5). They further allege that the Brokers violated this duty. (Id.). They also allege that the Lenders and Brokers unlawfully conspired to conceal these higher rates by not disclosing the par rates. (Id.). Plaintiffs allege thirty-three such loans in their Second

---

[2]The Second Amended Petition is found attached to the Notice of Removal (Doc. No. 1) and is found in Exhibit A, pages 73-105. For the sake of clarity when citing the Petition, the Court will only cite to paragraphs).

Amended Petition. (Id. at ¶¶ 8-41). The motions before the Court address the following loans made by Countrywide:

1. to Plaintiff Johny Ellsworth on December 5, 2002 and brokered by Morrison (Id. at ¶ 33);

2. to Plaintiffs Carlos and Susan Berger on December 6, 2002 and brokered by First Residential (Id. at ¶ 31);

3. to Plaintiffs John and Laura Fletcher on December 6, 2002 and brokered by JLB (Id. at ¶ 29);

4. to Plaintiffs Walter and Melody Barron on January 6, 2003 and brokered by Cooper (Id. at ¶ 38); and

5. to Plaintiff Alvin Forrest on February 19, 2003 and brokered by JLB (Id. at ¶ 30).

Plaintiffs filed this action on December 6, 2007 in the Circuit Court of St. Louis County, Missouri. (Doc. No. 1 at ¶ 1). Plaintiffs filed its Second Amended Complaint on January 28, 2008. (Id. at Ex. A p. 73). Plaintiffs allege the following claims against Defendants: (I) constructive fraud, in violation of Missouri law; (II) civil conspiracy, in violation of Missouri law; and (III) violation of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010 et seq. (Id.). The case was removed to this Court on February 8, 2008. (Notice of Removal, Doc. No. 1).

## **MOTION TO DISMISS STANDARDS**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court must accept "the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. ---, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v.

Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965.

As a federal court sitting in diversity, this Court must apply the laws of the State of Missouri. Altru Health Sys. v. Am. Prot. Ins. Co., 238 F.3d 961, 962 (8th Cir. 2001). The Court looks first to decisions of the Missouri Supreme Court. Blum v. Allstate Ins. Co., 296 F. Supp.2d 1037, 1039 (E.D. Mo. 2003). If no relevant decisions are available, the Court will look to Missouri appellate court decisions. Id. The task is "to determine how the Missouri Supreme Court would decide the issue at hand." Id.

## **DISCUSSION**

### **I.   Motion to Dismiss Executive Lending and Amend Petition by Interlineation**

Plaintiffs Robert and Betty Greenlee move to dismiss without prejudice their claims against Executive Lending, L.L.C. and to Amend the Second Amended Petition by Interlineation. (Doc. No. 42).

The court must approve a plaintiff's voluntary dismissal request if the defendant has entered an appearance or has not consented to the dismissal. See Fed. R. Civ. P. 41(a)(2). Here, the Court sees no reason to prevent the voluntary dismissal without prejudice of Executive Lending. As such, the claims against Executive Lending are dismissed.

Plaintiffs also move to amend the complaint by interlineation. This Court does not accept amendment by interlineation. The filing of an amended complaint replaces all previous complaints, and claims that are not realleged are deemed abandoned. See In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005). If Plaintiffs wish to amend the complaint, they must do so by filing an amended complaint that names each of the defendants in the caption and contains

all of their claims for relief. Thus, the court will not allow Plaintiffs to amend by interlineation the Second Amended Petition.

## II.  Cooper's Motion to Dismiss

Cooper alleges that the claims against it by Plaintiffs Walter and Melody Barron must be dismissed because Cooper does not use the fictitious name Cooper Financial Solutions, which Plaintiff alleges that it used. (Doc. No.1 at Ex. A p.70). Rather, it asserts that Cooper Financial Solutions is the fictitious name of Cooper Group, LLC. (Id.). In Response, Plaintiffs filed a copy of a Missouri Registration of Fictitious Name form listing "Cooper Financial Solutions" as Cooper's fictitious name as of June 5, 2001. (Resp., Doc. No. 52 at Ex. B). They also filed a copy of a Missouri Registration of Fictitious Name form showing that the Cooper Group, LLC began doing business as "Cooper Financial Services" on August 1, 2003. (Id. at Ex. A).[3]

Upon consideration, the Court will not dismiss the claims against Cooper because Plaintiffs' exhibits show that Cooper was doing business as Cooper Financial Services at the time of Plaintiffs' loan on January 6, 2003. (Second Am. Pet. at ¶ 38).

## III.  JLB's Motion to Dismiss

JLB asserts that Plaintiffs John Fletcher, Lauren Fletcher, and Alvin Forrest's claims against it fails to state a claim because mortgage brokers do not own borrowers a fiduciary duty. Plaintiffs respond that Missouri recognized that mortgage brokers owe borrowers a fiduciary duty in Jefferson v. Am. Fin. Group, Inc., 163 S.W.3d 485 (Mo. Ct. App. 2005).

As an initial matter, JLB asserts that it is not named in Count III, which is directed at all members "of the proposed Defendants' Class who are not under the direction and supervisor of the

---

[3]The Court can consider these two documents because they do not contradict the complaint. See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

. . . director of the division of finance."(Second Am. Pet. at ¶ 73). Missouri law states that mortgage brokers are under the direction and supervision of the Missouri director of the division of finance. Mo. Rev. Stat. § 443.805.1. As such, JLB correctly asserts that Count III is not directed at it, or any other mortgage broker.

Missouri recognizes two types of fiduciary relationships: those created as a matter of law and those based on a five element test. Fiduciary relationships may arise as a matter of law where, by virtue of the parties relationship, one party places trust in another so that the latter gains superiority and influence over the former. See A.G. Edwards & Sons, Inc. v. Drew, 978 S.W.2d 386, 394-95 (Mo. Ct. App. 1998). Examples of fiduciary relationships arising as a matter of law are attorney-client, patient-physician, principal-agent, and insurance broker-insured. See id.; State Res. Corp. v. Lawyers Title Ins. Co., 224 S.W.3d 39 (Mo. Ct. App. 2007) (principal-agent). Conversely, there is no fiduciary relationship as a matter of law between a borrower and a lender. Hall v. Nationsbank, 26 S.W.3d 295, 297 (Mo. App. 2000). Only one case even hints at the possibility of a fiduciary relationship arising as a matter of law between a mortgage broker and borrower. In Jefferson, The Missouri Court of Appeals assumed that one existed due to the case's procedural posture. 163 S.W.3d at 488. There, the trial court found that a mortgage broker owed a fiduciary duty to a borrower, but the issue was not raised on appeal, meaning the court would not address it. Id. at 488 n. 4; see Eltiste v. Ford Motor Co., 167 S.W.3d 170, 175 (Mo. Ct. App. 2005) (holding that appeals court will not consider arguments not raised on appeal).

In the absence of a relationship arising as a matter of law, the elements of a fiduciary relationship are:

> (1) one party must be subservient to the dominant mind and will of the other party as a result of age, state of health, illiteracy, mental disability, or ignorance; (2) things of value such as land, monies, a business, ... must be possessed or managed by the dominant party; (3) there must be a surrender of independence by the subservient

party to the dominant party; (4) there must be an automatic and habitual manipulation of the actions of the subservient party by the dominant party; and (5) there must be a showing that the subservient party places and trust and confidence in the dominant party.

Matlock v. Matlock, 815 S.W.2d 110, 115 (Mo. App. 1991).

Upon consideration, there is no fiduciary relationship as a matter of law between a mortgage broker and a borrower. First, Plaintiffs have not offered an precedent, aside from Jefferson, to support their position. Jefferson, however, is unpersuasive because the Missouri Court of Appeals did not even address this issue. Additionally, considering the commercial nature of the borrower-broker relationship and the competitive nature of the mortgage industry, the Missouri Supreme Court would likely find that this relationship does not warrant the special status of being a fiduciary one as a matter of law. See Todd v. Societe Bic, S.A., 21 F.3d 1402, 1412 (7th Cir. 1994)( en banc) ("when given a choice between an interpretation of [state] law that reasonably restrict liability, and one which greatly expands liability, we should choose the narrower and more reasonable path (at least until the [state] Supreme Court tells us differently.")).

Courts have been willing, based on the specific circumstances, to find that a mortgage broker had a fiduciary relationship with a borrower. For example, the Eighth Circuit held that a fiduciary relationship arose between a mortgage broker and a borrower when the broker agreed to act as the borrower's agent during the renegotiation of a loan. See Armstrong v. Republic Realty Mortgage Corp., 631 F.2d 1344, 1348-49 (8th Cir. 1980). A recent case in this district denied a mortgage broker summary judgment on a borrower's breach of fiduciary duty claim because fact issues prevented it from determining whether a fiduciary relationship existed between the two parties. Nationwide Life Ins. Co. v. St. Clair Mobile Home Park, LLC, 4:04-cv-1746 (AFG), 2006 WL 2228988, at * 4 (E.D. Mo. Aug. 3, 2006). Here, the Court will not dismiss Plaintiffs' claims because of the fact intensive nature of the inquiry into the relationship between JLB and Plaintiffs. Such an

inquiry is improper on a motion to dismiss, where the Court merely determines whether Plaintiffs "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. The Court finds that Plaintiffs have alleged enough facts to show that a fiduciary duty existed. As such, the Court will deny JLB's motion.

## IV. Morrison's Motion to Dismiss

Morrison alleges that Plaintiff Johny Ellsworth's claims against it must be dismissed because the constructive fraud claim is untimely and the civil conspiracy fails to state a claim.[4] (Doc. No. 43 at pp. 1-3). It also asserts that the class allegations against it must be dismissed because Ellsworth is not a proper class representative. In response, Plaintiff does not address Morrison's arguments. (Doc. No. 55). Instead, he explains why his claims against Countrywide should not be dismissed.[5]

### A. Constructive Fraud Claim

Morrison asserts that Plaintiff's constructive fraud claim is untimely filed. In Missouri, a five year limitations period exists for "[a]n action for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal property, or for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated." Mo. Rev. Stat. § 516.120(4). The Missouri Supreme Court has held that § 516.120(4) establishes the limitations period for constructive fraud claims. Klemme v. Best, 941 S.W.2d 493, 497 (Mo. 1997). An action accrues when "the damage resulting therefrom is sustained and capable of ascertainment." Mo. Rev. Stat. § 516.100. Damage is ascertainable when "the fact of damage can be discovered or made

---

[4] Morrison also addresses the claims in Count III. As previously stated, the language of the pleadings exclude any mortgage broker from being part of the named class.

[5] Morrison's briefs never mention any of the claims directed at Countrywide.

known, not when plaintiff actually discovers injury or wrongful conduct." Klemme, 941 S.W.2d at 497.

Upon consideration, the Court will accept Morrison's assertions that Plaintiff's constructive fraud claim is untimely because Plaintiff failed to respond to Morrison's arguments. See Figueroa v. United States Postal Serv., 422 F. Supp. 2d 866, 879 (N.D. Ohio 2006) (dismissing claim after finding that plaintiff's failure to respond to defendant's arguments was a concession that defendant's arguments were correct); Siepel v. Bank of Am., N.A., 239 F.R.D. 558, 566 (E.D. Mo. 2006) (finding that plaintiff's failure to address defendant's arguments warranted the dismissal of plaintiff's claims). Thus, Plaintiff's constructive fraud claim is dismissed.

### B. Civil Conspiracy Claim

Morrison asserts that Ellsworth's civil conspiracy claim must be dismissed because civil conspiracy is not actionable as an independent claim.

It is well settled that Missouri "recognizes no separate cause of action for civil conspiracy." Farmland Indus. v. Frazier-Parrott Commodites, Inc., 871 F.2d 1402, 1409 (8th Cir. 1989); Charles Davis & Assocs., Inc. v. Nike, Inc., 756 F. Supp. 2d 416, 420 (E.D. Mo. 1991); Misischia v. St. John's Mercy Med. Ctr., 30 S.W.3d 848, 864 (Mo. Ct. App. 2000) (holding "[t]here can be no cause of action for conspiracy in the absence of an underlying wrongful act or tort."). Rather, the fact of conspiracy merely bears on "the liability of the various defendants as joint tortfeasors." Macke Laundry Serv. Ltd. P'ship v. Jetz Serv. Co., 931 S.W.2d 166, 175 (Mo. Ct. App. 1996) (citing Bockover v. Stemmerman, 708 S.W.2d 179, 182 (Mo. Ct. App. 1986)). Accordingly, if the underlying tort claims have been dismissed, then the conspiracy claim based on them fails to state a claim. See Williams v. Mercantile Bank of St. Louis, 845 S.W.2d 78, 85 (Mo. Ct. App. 1993).

Here, the Court has dismissed Plaintiff's constructive fraud claim, meaning all of the claims underlying the conspiracy claim have been dismissed. As such, Plaintiff's civil conspiracy claim against Morrison is dismissed.

### C. Class Allegations

Finally, Morrison asserts that the class allegations against it must be dismissed because Ellisworth, the only named plaintiff who alleges a claim against Morrison, is not a proper class representative. To act as a class representative, a named plaintiff must be "a member of the class [he] seeks to represent." Sample v. Monsanto Co., 218 F.R.D. 644, 648 (E.D. Mo. 2003). If the named plaintiff fails to satisfy this threshold requirement, then a certifiable class does not exists. See id.; Fed. R. Civ. P. 23. Here, Ellsworth is not a member of the class because the Second Amended Petition defines the class as "all persons within the State of Missouri for whom, during the last five years prior to the filing of this lawsuit, Brokers acted as mortgage broker . . . ." (Second Am. Pet. at ¶ 46). This lawsuit was filed on December 6, 2007, meaning the earliest class members are those whose loans occurred on December 6, 2002. Ellsworth's loan occurred on December 5, 2002. (Id. at ¶ 31). As such, he is not part of the class and cannot represent it. Because no other class representative is named, the class allegations against Morrison are dismissed.

### V. First Residential's Motion to Dismiss

First Residential asserts that Plaintiffs Carlos Berger and Susan Berger's claims must be dismissed because they fall outside of the class definition proposed by Plaintiffs. First Residential interprets the phrase "all persons within the State of Missouri for whom, during the last five years prior to the filing of this lawsuit, Brokers acted as mortgage broker . . ." (Second Am. Pet. at ¶ 46) to mean that the class period runs from December 7, 2002 to December 6, 2007, the day the lawsuit was filed. (Doc. No. 59). They then assert that because loan transaction occurred on December 6,

2002, Plaintiffs are not part of the class. (Id.). Upon consideration, the Court finds that this argument is without merit. The Court interprets the purported class as including the period from December 6, 2002 to December 5, 2007. As such, Plaintiffs are part of the purported class because their loan transaction occurred on December 6, 2002. Accordingly, First Residential's motion is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to Dismiss Defendant Executive Lending L.L.C. and Motion for Leave to Amend Second Amended Petition by Interlineation is **GRANTED** in part and **DENIED** in part. The claims against Executive Lending L.L.C. are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant Martin E. Cooper's Motion to Dismiss and Quash Service of Process (Doc. No. 1 at Ex. A p. 70) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Morrison Capital Corporation's Motion to Dismiss (Doc. No. 43) is **GRANTED**. The claims against Morrison Capital Corporation are **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant JLB Corporation's Motion to Dismiss (Doc. No. 57) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant First Residential Lending, Inc.'s Motion to Dismiss (Doc. No. 59) is **DENIED**.

Dated this 15th day of May, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE